By the Courts Nelson, Ch. J.
The plaintiffs’ right of recovering upon the Hicks note is clear, and the only question properly arising in the case is, whether they can enforce the note_ given for $539,48. This was made by Bentley for the purpose of securing to the plaintiffs two shillings and six pence on the pound, over and above the amount for which the notes signed by Fouquet were executed. It is admitted that this note and the arrangement which led to the giving of it was kept a secret from Fouquet, who was induced to believe that the compromise had taken place for ten shillings on the pound, the 'amount which he secured. The taking of the note, under the circumstances, operated as a fraud upon Fouquet, and this constitutes a complete defence even as it respects Bentley. “It is clear,” said Ashurst J., in Jackson v. Duchaire, (3 T. R. 552,) “ both on the principles of law and equity, that Avhen any friend advances money to relieve another person from the pressure of his necessities, and the parties interested enter into a private agreement over and beyond that with *58 which the- friend is acquainted, such agreement is void in law, as being a fraud on such friend.” The principle of the case is ■ directly against the right of the plaintiffs to recover on the note in question. A similar doctrine was laid down and applied in Steinman v. Magnus, (11 East, 390,) where the attempt to collect of the debtor the residue of the debt, beyond the amount compounded for and secured, was regarded as a fraud upon the sqrefy which constituted of itself a bar to the action. See also Cockshott v. Bennett, (2 T. R. 763.)
The plaintiffs are entitled to judgment on the Hicks note, but not on the other.
Ordered accordingly.